## The People of the State of Illinois ex rel. Otto Cederwall, Appellee, v. Nicholas R. Finn et al., Civil Service Commissioners of City of Chicago, Appellants.

### Gen. No. 29,794.

1. APPEAL AND ERROR—*when confession of demurrer presumed on appeal.* Where a demurrer was filed to respondents' answer to a petition for mandamus, and the record failed to disclose that the demurrer was disposed of, but afterwards pleas were filed and the trial was had upon the issues formed by such pleas only, the presumption was that the parties treated the demurrer to the answer as confessed.

2. MANDAMUS—*sufficiency of plea of illegality of appointment under civil service.* A plea in mandamus against Civil Service Commission requiring the Commission to restore the petitioner to a position and expunge its order canceling petitioner's certificate for appointment, which presented the question that the petitioner's appointment was void *ab initio*, and that he was appointed as the result of an original entrance examination, and that no promotional examination was held although there were persons in the employ of the city eligible and desirous of taking a promotional examination for the position in question, sufficiently set forth facts supporting the legal conclusion that the appointment was illegal.

3. OFFICERS AND PUBLIC EMPLOYEES—*right of Civil Service Commission to expunge its record.* Although the Civil Service Commission may under certain circumstances cancel its eligible lists and revoke certifications, it has not the right to expunge the record of its official proceedings upon which the public or interested parties have been induced to act.

Appeal by defendants from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and remanded with directions. Opinion filed July 14, 1925.

FRANCIS X. BUSCH, Corporation Counsel, LEON HORNSTEIN and CARL HJALMAR LUNDQUIST, Asst. Corporation Counsels, for appellants; CORA B. HIRTZEL, Asst. Corporation Counsel, of counsel.

FRANKLIN RABER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a mandamus proceeding to restore the petitioner, Cederwall, to a position or place of employment in the civil service of the City of Chicago, and to require its Civil Service Commission to expunge its order canceling its certification of petitioner for appointment to said position, and to have the salary of the position paid to him for the interim he has been separated from the service. The prayer for the salary was dismissed without prejudice. The judgment appealed from gave the rest of the relief asked.

Respondents' answer to the petition was demurred to, and while the record does not disclose that the demurrer was disposed of, respondents afterwards filed four pleas, on two of which, the third and fourth, issues were formed. As the trial was had upon those issues only, the presumption is that the parties treated the demurrer to the answer as confessed.

However, it is unnecessary to consider this part of the record in the view we take of the case.

A demurrer was sustained to the first and second pleas. The first plea presents what we regard the vital question in the case, that the appointment of petitioner was void *ab initio* by reason of its having been made from an original entrance examination when there were persons in the employ of the city eligible and desirous of taking a promotional examination for the position in question.

The plea set up the provisions of section 9 of the Civil Service Act [Cahill's St. ch. 24, ¶ 693] relating to promotions and requiring the Commission to provide therefor in the classified service, also the rule of the Commission relating thereto, which provides that promotional examinations shall be held when the next lower rank or grade contains two or more eligible persons desirous of taking the examination. The plea set up these facts: that petitioner was appointed

as the result of an original entrance examination for such position; that no promotional examination therefor was held; that at the time of the original examination and of petitioner's appointment, the next lower rank or grade in the same line or character of work as said position did contain two or more eligible persons desirous of taking a promotional examination for said position; that the ward superintendents, then holding their positions as such in the classified service, were the next in rank or grade to said position and eligible and ready and willing to take a promotional examination for such position.

The grounds of the demurrer were (1) that the averments contained merely legal conclusions and were not supported by any averments of fact; (2) that whether a promotional examination should have been held cannot now be considered and is not decisive in determining the legality of the examination held; (3) that the action of the Civil Service Commission with regard thereto is *functus officio* and it cannot review or correct its errors; and (4) that there is nothing in the Civil Service Law to prohibit holding such an original examination, even though there are persons eligible to take promotional examinations.

We think the court erred in sustaining the demurrer on any one of these grounds. The plea sufficiently sets forth facts which support the legal conclusion that the appointment of petitioner was unauthorized and illegal. If so, it sufficiently traverses plaintiff's claim to a legal appointment, and renders the second and fourth grounds of the demurrer untenable. The third ground has no bearing on that issue.

In *People v. Errant*, 229 Ill. 56, there was a petition of mandamus to compel the Civil Service Commission of Chicago to hold a promotional examination for the same position as here involved. The material facts of that case are much like those appear-

ing from the pleadings in this record. Discussing the purposes and object of the Civil Service Act the court recognized the ultimate question to be decided was whether it was the duty of the Civil Service Commissioners to hold a promotional examination for such position, limiting the examination to ward superintendents. A like rule of the Commission with regard to promotions was before the court as here set up in the plea, and its conclusion was that the ward superintendents being the next in order or grade to such position, it was the clear legal duty of the Commission to hold a promotional examination for such position, there being ward superintendents ready and willing to take the examination for the position to be filled, as is here alleged in said plea.

It being the legal duty to hold a promotional examination under the law and rule of the Commission in such a state of facts, it cannot be said that it was lawful to disregard that duty and hold an examination open to all citizens instead of one limited to those in the next lower grade or rank in the same line of employment, as the law requires. To hold otherwise would permit the Commission to evade a legal duty and defeat the purposes of the Civil Service Act in requiring a promotional examination.

While we are not impressed with the evidence in support of the third and fourth pleas on which issues were formed and the trial had, or with the grounds set up in the second plea, we think the first plea if sustained is sufficient to bar the relief asked for in the petition, and that the case should have been tried on the issues it presented.

We might add that while the Commission may, under certain circumstances, cancel its eligible lists and revoke certifications, we do not think it has the right to expunge the record of its official proceedings upon which the public or interested parties have been induced to act. However, such question is not decisive

of the merits of the case, and need not be considered unless the petitioner is held to be entitled to be restored to his position.

Accordingly the judgment will be reversed and the cause remanded with directions to overrule the demurrer to the first plea and for such further proceedings as are consistent with this opinion. We suggest, also, that the record be made to show some disposition of the answer.

*Reversed and remanded with directions.*

GRIDLEY and FITCH, JJ., concur.